McRAE, Justice,
dissenting:
I agree that Attorney Y’s conduct constituted a serious lapse in professional responsibility. The majority fully analyzes the facts and, under the authority of Union Chevrolet and Moyo, correctly describes Y’s conduct as, among other things, appalling. It is disappointing then that they would mete out such a lenient punishment. Worse still is the fact that a complaint tribunal, composed of two prominent attorneys and a judge, concluded that Y’s conduct warranted no sanction whatsoever.
Obviously, this simple point bears repeating: attorneys representing minors must remember that the minor is their client, not the parent. This principle has been drilled into every law student and should be followed by every practicing attorney. When attorneys are at a point of disbursing funds which they obtain for the minor, they are to seek the advice of the courts. See Miss. Code Ann. § 93-13-211 (Supp.1990).
In this case Attorney Y utterly failed to comply with this absolute duty, and now the minor’s sizable settlement has been frittered away. In my view, Y deserves more punishment than that which this Court has given him. I would send the matter back to the tribunal for further consideration.
SULLIVAN, J., joins this dissent.